**FILED**
July 24, 2025
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____Julie Golden_____
                           DEPUTY

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
<u>AUSTIN DIVISION</u>**

| | |
|---|---|
| SHAUNA WINKELMAN, MICHAEL LENON, SCOTT CENNA, KALEA NIXON, ROBERT GOLDORAZENA, CHAD DIEHL and ROSS NANFELDT, individually and on behalf of all others similarly situated, <br><br>                    Plaintiffs, <br>     v. <br><br>WHOLE FOODS MARKET, INC., THE BOARD OF DIRECTORS OF WHOLE FOODS MARKET, INC., THE WHOLE FOODS MARKET, INC. EMPLOYER COMMITTEE, THE WHOLE FOODS MARKET, INC. 401(K) COMMITTEE, THE WHOLE FOODS MARKET, INC. BENEFITS ADMINISTRATIVE COMMITTEE and JOHN DOES 1-50. <br><br>                    Defendants. | **CIVIL ACTION NO.: 1:23-cv-1352-RP** |

**ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT, PRELIMINARILY CERTIFYING A CLASS FOR
SETTLEMENT PURPOSES, APPROVING FORM AND MANNER OF CLASS
<u>NOTICE AND SCHEDULING A FAIRNESS HEARING</u>**

1

This Action involves claims for alleged violations of the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. ("ERISA"), with respect to the Whole Foods Market Growing Your Future 401(k) Plan (the "Plan"). The terms of the Settlement are set out in the Settlement Agreement, fully executed as of June 24, 2025, by counsel on behalf of the Plaintiffs, all Class Members, and Defendants, respectively.

Pursuant to Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement, Preliminary Certification of Class for Settlement Purposes, Approval of Form and Manner of Class Notice, and Scheduling of a Fairness Hearing filed on June 24, 2025, the Court preliminarily considered the Settlement to determine, among other things, whether the Settlement is sufficient to warrant the issuance of notice to members of the proposed Settlement Class. Upon reviewing the Settlement Agreement, and the Court having been fully advised in the premises, it is hereby **ORDERED, ADJUDGED, AND DECREED** as follows:

1. **Preliminary Certification of the Settlement Class.** In accordance with the Settlement Agreement, and pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure, this Court hereby conditionally certifies the following class ("Settlement Class"):

> All persons who participated in the Whole Foods Market Growing Your Future 401(k) Plan at any time from November 6, 2017 through [date of preliminary approval order] ("Class Period"), including any Beneficiary of a deceased Person who participated in the Plan at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plan at any time during the Class Period. Excluded from the Settlement Class are Defendants and their Beneficiaries.

2. Pursuant to the Settlement Agreement, and for settlement purposes only, the Court preliminarily finds that:

(a)   as required by FED. R. CIV. P. 23(a)(1), the Settlement Class is ascertainable from records kept with respect to the Plan and from other objective criteria, and the Settlement Class is so numerous that joinder of all members is impracticable;

(b)   as required by FED. R. CIV. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class;

(c)   as required by FED. R. CIV. P. 23(a)(3), the claims of the Plaintiffs are typical of the claims of the Settlement Class that the Plaintiffs seek to certify;

(d)   as required by FED. R. CIV. P. 23(a)(4), that the Plaintiffs will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Plaintiffs and the nature of the alleged claims are consistent with those of the Settlement Class members; and (ii) there appear to be no conflicts between or among the Plaintiffs and the Settlement Class;

(e)   as required by FED. R. CIV. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in this Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of the other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests; and

      (f)    as required by FED. R. CIV. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and that Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class.

3.    The Court preliminarily appoints Plaintiffs Shauna Winkelman, Michael Lenon, Scott Cenna, Kalea Nixon, Robert Goldorazena, Chard Diehl, and Ross Nanfeldt as Class Representatives for the Settlement Class, and Capozzi Adler, P.C. as Class Counsel for the Settlement Class.

4.  **Preliminary Approval of Proposed Settlement** – The Settlement Agreement is hereby preliminarily approved as fair, reasonable, and adequate. This Court preliminarily finds that:

    a)  The Settlement was negotiated vigorously and at arm's-length by Defense Counsel, on the one hand, and Plaintiffs and Class Counsel on behalf of the Settlement Class, on the other hand;

    b)  Plaintiffs and Class Counsel had sufficient information to evaluate the settlement value of the Action and have concluded that the Settlement is fair, reasonable and adequate;

    c)  If the Settlement had not been achieved, Plaintiffs and the Settlement Class faced the expense, risk, and uncertainty of protracted litigation;

    d)  The amount of the Settlement – two million dollars ($2,000,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of litigation, trial, and appeal. The method of distributing the Class Settlement

        Amount is efficient, relying on the Plan's records and requiring no filing of claims for Current Participants. The Settlement terms related to attorneys' fees do not raise any initial questions concerning fairness of the Settlement, and there are no agreements, apart from the Settlement, required to be considered under FED. R. CIV. P. 23(e)(2)(C)(iv). The Class Settlement Amount is within the range of settlement values obtained in similar cases;

    e) At all times, Plaintiffs and Class Counsel have acted independently of the Defendants and in the interest of the Settlement Class; and

    f) The proposed Plan of Allocation is fair, reasonable, and adequate.

    5.    **Establishment of Qualified Settlement Fund** – A common fund is agreed to by the Settling Parties in the Settlement Agreement and is hereby established and shall be known as the "Settlement Fund." The Settlement Fund shall be a "qualified settlement fund" within the meaning of Treasury Regulations § 1.468-1(a) promulgated under Section 468B of the Internal Revenue Code. The Settlement Fund shall be funded and administered in accordance with the terms of the Settlement. Defendants shall have no withholding, reporting or tax reporting responsibilities with regard to the Settlement Fund or its distribution. Moreover, Defendants shall have no liability, obligation, or responsibility for administration of the Settlement Fund or the disbursement of any monies from the Settlement Fund except for: (1) their obligation to cause the Gross Settlement Amount to be paid; and (2) their agreement to cooperate in providing information that is necessary for settlement administration set forth in the Settlement Agreement. The Settlement Administrator may make disbursements out of the Settlement Fund only in accordance with this Order or any additional Orders issued by the Court. The Settlement Fund shall expire after the Settlement Administrator distributes all of the assets of the Settlement Fund in accordance

5

with the Settlement Agreement, provided, however, that the Settlement Fund shall not terminate until its liability for any and all government fees, fines, taxes, charges and excises of any kind, including income taxes, and any interest, penalties or additions to such amounts, are, in the Settlement Administrator's sole discretion, finally determined and all such amounts have been paid by the Settlement Fund. The Court and the Settlement Administrator recognize that there will be tax payments, withholding and reporting requirements in connection with the administration of the Settlement Fund. The Settlement Administrator shall, in accordance with the Settlement Agreement, determine, withhold, and pay over to the appropriate taxing authorities any taxes due with respect to any distribution from the Settlement Fund and shall make and file with the appropriate taxing authorities any reports or returns due with respect to any distributions from the Settlement Fund. The Settlement Administrator also shall determine and pay any income taxes owing with respect to the income earned by the Settlement Fund. Additionally, the Settlement Administrator shall file returns and reports with the appropriate taxing authorities with respect to the payment and withholding of taxes. The Settlement Administrator, in its discretion, may request expedited review and decision by the IRS or the applicable state or local taxing authorities, with regard to the correctness of the returns filed for the Settlement Fund and shall establish reserves to assure the availability of sufficient funds to meet the obligations of the Settlement Fund itself and the Settlement Administrator as fiduciaries of the Settlement Fund. Reserves may be established for taxes on the Settlement Fund income or on distributions. The Settlement Administrator shall have all the necessary powers, and take all necessary ministerial steps, to effectuate the terms of the Settlement Agreement, including the payment of all distributions. Such powers include investing, allocating and distributing the Settlement Fund, and in general supervising the administration of the Settlement Agreement in accordance with its terms and this Order. The

Settlement Administrator shall keep detailed and accurate accounts of all investments, receipts, disbursements and other transactions of the Settlement Fund. All accounts, books and records relating to the Settlement Fund shall be open for reasonable inspection by such persons or entities as the Court orders. Included in the Settlement Administrator's records shall be complete information regarding actions taken with respect to the award of any payments to any person; the nature and status of any payment from the Settlement Fund and other information which the Settlement Administrator considers relevant to showing that the Settlement Fund is being administered, and awards are being made, in accordance with the purposes of the Settlement Agreement, this Order, and any future orders that the Court may find it necessary to issue.

6.  **Fairness Hearing** – A hearing is scheduled for **January 15, 2026 at 9:00 AM** to make a final determination, concerning among other things:

- Any objections from Class Members to the Settlement or any aspects of it.
- Whether the Settlement merits final approval as fair, reasonable, and adequate;
- Whether the Action should be dismissed with prejudice pursuant to the terms of the Settlement;
- Whether Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Settlement;
- Whether the proposed Plan of Allocation should be granted final approval; and
- Whether Class Counsel's application(s) for Attorneys' Fees and Costs and Case Contribution Awards to Plaintiffs are fair and reasonable, and should be approved.

7.  **Settlement Notice and Former Participant Claim Form** – The Court approves the Long Form and Short Form Postcard Settlement Notices ("Notices") attached as Exhibits A and B, respectively to the Settlement Agreement, and the Former Participant Claim Form attached

as Exhibit A-1 to the Settlement Agreement. The Parties may make non-substantive changes to the Notices, such as filling in the applicable dates and correcting typographical errors. The Court finds that the Notices, taken together, fairly and adequately: (a) describe the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) notify the Former Participants, Beneficiaries, and Alternate Payees without Active Accounts of how to submit a claim; (c) notify the Settlement Class that Class Counsel will seek attorneys' fees and litigation costs from the Settlement Fund, payment of the costs of administering the Settlement out of the Settlement Fund, and for a Case Contribution Award for Plaintiffs for their service in such capacity; (d) give notice to the Settlement Class of the time and place of the Fairness Hearing; and (e) describe how the recipients of the Settlement Notice may object to any of the relief requested. The Former Participant Claim Form must be returned to the Settlement Administrator within one hundred twenty (120) days after the entry of this Preliminary Approval Order, by any Former Participants, Beneficiaries, or Alternate Payees who do not have Active Accounts and who wish to receive the benefits of the Settlement.

8.    **Settlement Administrator** – The Court hereby approves the appointment of Analytics LLC ("Analytics") as the Settlement Administrator for the Settlement. The Court directs that the Settlement Administrator shall:

> By no later than <u>September 15, 2025</u>, cause the Short Form Postcard Settlement Notice, with such non-substantive modifications thereto as may be agreed upon by the Parties, to be provided by first- class mail, postage prepaid, to the last known address or electronic mail address of each member of the Settlement Class who can be identified through reasonable effort. Prior to mailing the Short Form Postcard Settlement Notice, Analytics shall conduct advanced address research (via skip-trace databases) in order to identify current mailing address information for the

Settlement Class members. Additionally, Analytics must update the Settlement Class member address information using data from the National Change of Address database. After mailing the Short Form Postcard Settlement Notice, Analytics shall use commercially reasonable efforts to locate any Class Member whose Short Form Postcard Settlement Notice is returned and re-send such documents one additional time.

- By no later than September 2, 2025, cause the Long Form Settlement Notice along with the Former Participant Claim Form to be published on the website identified in the Short Form Postcard Settlement Notice, www.ERISASettlement.com which will also host and make available copies of all Settlement-related documents, including the Settlement Agreement. In addition, for each Former Participant, Beneficiary, and Alternate Payee who has not returned the Former Participant Claim Form within ninety (90) days of the entry of the Preliminary Approval Order, the Settlement Administrator shall send within ten (10) days thereafter a post card by electronic mail (if available) or first-class mail, postage prepaid, to such Class Members notifying them again of the deadline by which to submit the Former Participant Claim Form.

- The Court finds that the contents of the Notices and the process described herein and in the Settlement are the best notice practicable under the circumstances, and satisfy the requirements of Rule 23(c) and Due Process.

9. **Petition for Attorneys' Fees, Litigation Costs and Case Contribution Awards** – Any petition by Class Counsel for attorneys' fees, litigation costs and Case Contribution Awards to Plaintiffs, and all briefs in support thereof, shall be filed no later than November 14, 2025.

10. **Briefs in Support of Final Approval of the Settlement** – Briefs and other documents in support of final approval of the Settlement shall be filed no later than November 14, 2025.

11. **Objections to Settlement** – Any member of the Settlement Class or authorized recipient of any CAFA Notice may file an objection to the fairness, reasonableness, or adequacy of the Settlement, to any term of the Settlement Agreement, to the Plan of Allocation, to the proposed award of attorneys' fees and litigation costs, to the payment of costs of administering the Settlement out of the Settlement Fund, or to the request for a Case Contribution Award for Plaintiffs. An objector must file with the Court a statement of his, her, or its objection(s), specifying the reason(s), if any, for each such objection made, including any legal support and/or evidence that the objector wishes to bring to the Court's attention or introduce in support of the objection(s). The address for filing objections with the Court is as follows:

Clerk of the Court  
United States District Court for the Western District of Texas  
Austin Division, 501 West Fifth Street, Suite 1100  
Austin, Texas 78701

Re: *Winkelman et al. v. Whole Foods Market, Inc. et al.*, No 1:23-cv-1352-RP.

The objector or his, her, or its counsel (if any) must file the objection(s) and supporting materials with the Court no later than December 16, 2025. If an objector hires an attorney to represent him, her, or it for the purposes of making an objection pursuant to this paragraph, the attorney must also file a notice of

appearance with the Court no later than December 16, 2025. Any member of the Settlement Class who does not timely file a written objection complying with the terms of this paragraph shall be deemed to have waived, and shall be foreclosed from raising, any objection to the Settlement, and any untimely objection shall be barred. Any responses to objections shall be filed with the Court no later than January 8, 2026. There shall be no reply briefs.

12. Any additional briefs the Parties may wish to file in support of the Settlement shall be filed no later than January 8, 2026.

13. **Appearance at Final Approval Hearing** – Any objector who files a timely, written objection in accordance with paragraph 11 above may also appear at the Fairness Hearing either in person or through qualified counsel retained at the objector's expense. Objectors or their attorneys intending to appear at the Fairness Hearing must file a notice of intention to appear (and, if applicable, the name, address, and telephone number of the objector's attorney) with the Court by no later than January 8, 2026. Any objectors, or their counsel, who does not timely file a notice of intention to appear in accordance with this paragraph shall not be permitted to speak at the Fairness Hearing, except for good cause shown.

14. **Notice Expenses** – The expenses of printing, mailing, and publishing the Notices required herein shall be paid exclusively from the Qualified Settlement Fund.

15. **Parallel Proceedings** – Pending final determination of whether the Settlement Agreement should be approved, Plaintiffs, every Class Member, and the Plan are prohibited and

enjoined from directly, through representatives, or in any other capacity, commencing any action or proceeding in any court or tribunal asserting any of the Released Claims against the Released Parties, including Defendants.

16. **Continuance of Fairness Hearing** – The Court reserves the right to continue the Fairness Hearing without further written notice to the Class Members and also may schedule the hearing to be done by telephone or video conference.

SO ORDERED this 24th day of  July , 2025.

_____
Hon. Robert Pitman
United States District Judge